UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL ABRAMS, #304597,
        Petitioner,

v.                                                                                    ACTION NO. 2:05cv650

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,
        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Michael Abrams ("Abrams") was convicted in the Arlington County Circuit Court on December 14, 2001, of possession of cocaine with intent to distribute and possession of MDMA with intent to distribute and was sentenced to a term of ten years imprisonment.

Abrams' direct appeal of his convictions to the Virginia Court of Appeals was denied on December 9, 2002. The Virginia Supreme Court refused Abrams's petition for appeal on September 12, 2003. The United States Supreme Court denied Abrams' petition for certiorari on February 23, 2004. Abrams then filed a habeas petition in the Virginia Supreme Court on September 12, 2004,

which was refused on June 24, 2005.

Abrams, presently in the custody of the Virginia Department of Corrections at the Buckingham Correctional Center in Craigsville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 1, 2005. On January 25, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss. Abrams filed a response to the Motion to Dismiss on March 6, 2006.

### B. Grounds Alleged

Abrams asserts the following entitle him to relief under 28 U.S.C. § 2254:

    (a)    he was incompetent to stand trial;

    (b)    his federal due process and equal protection rights were violated because Virginia Code §19.2-169.1 is unconstitutional as applied to the circumstances of his case;

    (c)    he was denied the effective assistance of appellate counsel due to his appellate counsel's failure to:

        (i)    examine or include parts of the record;

        (ii)    raise claims that petitioner was incompetent to stand trial;

        (iii)    and, include certain transcripts on appeal.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Abrams' action here is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A) (2000).

The Virginia Supreme Court denied Abrams's petition for appeal on September 12, 2003. The statutory period of limitations for filing a federal habeas petition began running with the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A) (2000). The United States Supreme Court denied Abrams appeal on February 23, 2004. Therefore, the statutory period of limitations for filing Abrams's federal habeas petition began running on February 23, 2004.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

Abrams filed a habeas petition with the Virginia Supreme Court on September 12th or 13th, 2004, however that petition was dismissed without consideration of his claims because it was not timely filed. Where a state court rejected petitioner's state habeas petition as untimely, it is not 'properly filed,' and he is not entitled to statutory tolling under 2244(d)(2). See Pace v. DiGugliolmo, 544 U.S. 408 (2005)(we hold that time limits, no matter their form, are 'filing'

conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under 2244(d)(2)). Thus, Abrams' limitations period was not tolled. .

Abrams had until approximately February 23, 2005, to file his habeas petition. Abrams did not sign his petition until November 1, 2005, which was over nine months after the statute of limitations deadline. This Court cannot reach the merits of Abrams's claims, because the claims are barred by the statute of limitations. Therefore, this Court recommends denial of Abrams's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Abrams' petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Grounds (a) through (d) of Abrams's petition should be DENIED because they are barred by the statute of limitations.

Abrams has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b),

computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                          /s/
                                     Tommy E. Miller
                         UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 15, 2006

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Michael Abrams, #304597
Buckingham Correctional Center
PO Box 430
Dillwyn, VA 23936-0430


Josephine Whalen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                  Fernando Galindo, Acting Clerk


                              By _____
                                  Deputy Clerk
                                  May   , 2006